In the Matter of the Application of the United States for a Warrant to Search the Premises of DESIGNER SPORTS-WEAR, INC., 137 Fifth Avenue, Second Floor, New York, New York 10010.

No. M. 19–150.

United States District Court, S. D. New York.

Sept. 9, 1981.

---

**10.**  We emphasize that no pre-incarceration cash is involved, for that is deposited in the inmate's personal account.

George David Rosenbaum, New York City, for Designer Sportswear.

John S. Martin, Jr. U.S. Atty. for the S.D.N.Y., New York City, for U.S. of America; Paul Shechtman, Asst. U.S. Atty. of counsel.

## MEMORANDUM OPINION

EDELSTEIN, District Judge:

On May 7, 1981, Harold J. Raby, United States Magistrate for the Southern District of New York, issued a warrant authorizing a search of the offices of Designer Sportswear, Inc. (Designer), located on the second floor at 137 Fifth Avenue, New York, New York. The warrant was issued upon the application of United States Postal Inspector Robert J. Mignogna, whose sworn affidavit provided the basis for Magistrate Raby's finding of probable cause.

The warrant authorized Inspector Mignogna to search for:

customer lists, customer files, Dun & Bradstreet lead cards; employees personnel files; financial records, including accounts payable, accounts receivable, purchase orders, shipping records, sales invoices and banking records; calendars and diaries that are used to record business transactions; business correspondence; telephone records; printed sales pitches or manuals; garment labels; merchandise that has been overlabelled; counterfeit merchandise; tape recordings of business conversation; and computer cards and print outs.

In his affidavit, Mignogna stated that under his supervision postal inspectors interviewed thirty-three business people who had registered complaints against Designer Sportswear. He averred he had also spoken with Staff Counsel for the New York Better Business Bureau concerning sixty complaints about Designer, and with an investigator from the Iowa Attorney General's office about two additional complaints. In addition, the affidavit sets forth the facts of four case histories which Mignogna stated were representative of Designer's practices. Based upon his investigation, Mignogna determined that Designer was engaged in an ongoing "boiler room" operation in violation of 18 U.S.C. §§ 1341, 1343, 2314, in which it would telephone out-of-state retailers representing that Designer sells high quality "designer" goods at discount prices, and that unsatisfactory goods could be exchanged. After receiving an order,[1] Designer would allegedly ship the retailer inferior or counterfeit merchandise. Further, it is alleged that Designer frequently failed to honor its return policy either by failing to send replacement goods or by sending back merchandise of equally poor quality. In each of the thirty-three cases reviewed by postal inspectors under his charge, Mignogna stated the goods could not be used by the retailer because of their poor quality.

On May 8, 1981, United States Postal Inspectors conducted a search pursu-

---

1. Designer required its customers to make advance payments or to pay cash-on-delivery.

ant to the warrant issued by Magistrate Raby. Designer subsequently moved under Fed.R.Crim.P. 41(e) for return of the property seized from its premises [2] and other relief. In support of its motion, Designer has advanced three arguments: 1) that the search warrant was void because the underlying affidavit contained intentional misrepresentations; 2) that the warrant was so broad in scope that it was an unconstitutional general warrant; and 3) that the U.S. postal officers conducting the search exceeded the scope of the warrant.[3] A hearing was held before this court on June 19, 1981.[4]

■ Designer's first contention is that Inspector Mignogna's affidavit contained statements which were intentionally false or made with reckless disregard for the truth, and the affidavit, stripped of these misrepresentations, does not support a finding of probable cause. *See Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). At the June 19 hearing, Designer elicited testimony that sought to question the accuracy of some of Mignogna's statements. However, this testimony fails to provide support for a conclusion that Mignogna misrepresented, let alone deliberately misrepresented, what was told to him in the course of his investigation or that Mignogna should have known the statements made to him were false. *See Franks v. Delaware, supra*, 438 U.S. at 171, 98 S.Ct. at 2684; *United States v. Barnes*, 604 F.2d 121, 152 (2d Cir. 1979) ("probable cause not defeated because an informant may have erred or lied, as long as the affiant accurately represented what was told to him.").

Designer's second contention is that the warrant fails to comply with the Fourth Amendment because the enumeration of items to be seized is only of vague and general description. In *National City Trading Corp. v. United States*, 635 F.2d 1020 (2d Cir. 1980), the Second Circuit rejected a similar argument in a case not dissimilar from the instant matter. In upholding the warrant, many of whose terms are identical to those at issue here, the court stated:

> ... [W]e begin by again noting that there was probable cause to believe that NCTC's business was permeated by fraud. Accordingly, the agents could properly seize all of the business records of NCTC described in the warrant. 635 F.2d at 1026.

■ This court finds that Inspector Mignogna's affidavit alleged sufficient facts to establish probable cause that crimes of mail and wire fraud were occurring and that evidence and instrumentalities of these crimes were on Designer's premises. The affidavit named thirty-three companies which had complained to U.S. Postal Inspectors that they had been defrauded by Designer. The case histories set forth in the affidavit pointed to several employees of Designer as participants in an ongoing scheme to defraud out-of-state retailers. Accordingly, the warrant was issued with probable cause to believe Designer's business was permeated with fraud, and there-

2. Fed.R.Crim.P. 41(e) provides, in relevant part:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. . . .

3. Designer also contends that the affidavit does not pass muster under the standards set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), testing the reliability and

credibility of an informant. This argument is without merit. *See Andresen v. Maryland*, 427 U.S. 463, 478 n.9, 96 S.Ct. 2737, 2747 n.9, 49 L.Ed.2d 627 (1975).

4. After the hearing, the Assistant United States Attorney reviewed the items seized pursuant to the warrant. On the basis of that review, numerous items were returned. One of Designer's claims, however, is that there remain several items that were neither inventoried nor returned. The Assistant's statement that he was unable to locate the items allegedly seized and that he would permit Designer renewed access to the materials to identify the items is a sufficient response to this claim.

fore, the description of the business files, financial records, lists and correspondence contained in the warrant was sufficient to meet the requirements of the Fourth Amendment. *See National City Trading Corp. v. United States, supra,* 635 F.2d at 1026; *see also Andresen v. Maryland,* 427 U.S. 463, 481–82, 96 S.Ct. 2737, 2749, 49 L.Ed.2d 627 (1975).

Designer's third argument is that postal officers conducted a "general search" prohibited by the Fourth Amendment because they seized property beyond the scope of the warrant. Particularly, Designer alleges that items belonging to individuals and items belonging to companies other than Designer were improperly seized. Designer cites the supporting Affidavit of Inspector Mignogna, which states in relevant part:

> My investigation has also revealed that several other companies may share the second floor office space used by Designer.

> \*   \*   \*   \*   \*   \*

> [I]f a warrant is issued, the officers who will accompany me on the search have been instructed not to seize property of any companies other than Designer.

■ Seizure by the postal officers of property from individuals and corporations other than Designer does not invalidate the entire search and seizure. *See United States v. Rettig,* 589 F.2d 418, 423 (9th Cir. 1978); *Brooks v. United States,* 416 F.2d 1044, 1050 (5th Cir. 1969) ("The legal seizure of the articles described was not affected by the seizure of additional articles not described."); *United States v. Bynum,* 386 F.Supp. 449, 461 (S.D.N.Y.1974) ("variations between the description in the warrant and the search actually conducted and the materials actually seized do not necessarily render the search and seizure invalid . . . ."). The search here was directed toward the objects described in the warrant. The postal officers conducting the search found at the premises numerous unidentified articles and commingled records of various individuals and companies. In this situation, the officers were not required to sort through all the files and papers at the place of the search. The proper remedy is return, pursuant to Rule 41(e), of the seized property which is determined not to be within the scope of the warrant or within an exception to the warrant requirement. *See National City Training Corp. v. United States, supra,* 635 F.2d at 1026.

■ However, Designer's motion for return of property allegedly belonging to individuals or companies other than Designer fails to meet the requirements of Fed.R. Crim.P. 41(e). Rule 41(e) provides for return of property to a "person aggrieved by an unlawful search and seizure . . . on the ground that he is entitled to lawful possession of the property which was illegally seized." Designer does not even contend that it is entitled to lawful possession of the items allegedly owned by others. In fact, its argument that these items are beyond the scope of the warrant is based on the contention that lawful possession lies with other corporations or with various individuals. Designer, therefore, fails to satisfy Rule 41(e).

The motion is denied in all respects for the aforesaid reasons.